[NOT FOR PUBLICATION] 

 

No. 96-1353

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 KENNETH RAPOSA,

 Defendant, Appellant.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ernest C. Torres, U.S. District Judge]
 

 Before

 Selya, Circuit Judge,
 Coffin and Cyr, Senior Circuit Judges.

 

 Edward  J.  Romano, by Appointment of the Court, for appellant.
 Margaret E. Curran, Assistant United States Attorney, with
whom Sheldon Whitehouse, United States Attorney, James H. Leavey,
Assistant  United States Attorney, and Kenneth P. Madden, Assistant
United States Attorney, were on brief for appellee.
 

 July 3, 1997
 

 Per Curiam. Appellant was convicted, after a jury trial, of

participating in the collection of an extension of credit by

extortionate  means,  in  violation of 18 U.S.C. SS 894, 2. He raises

three issues on appeal. At this juncture, after a hard and ably

fought trial below, no issue merits extended discussion.

 Appellant first challenges the sufficiency of the evidence.

The  evidence  as the jury could have found it was that (1) Duxbury,

the  key  government  witness, was confronted by co-defendant Ouimette

and  accused  of  shaking  down a friend; (2) Duxbury's response earned

him a beating by a third defendant, Gellerman, who pleaded guilty

and  testified as a cooperating witness at trial; (3) Ouimette then

grabbed Duxbury by the throat and announced that, as a penalty,

Duxbury must pay $5,000 by the following night; (4) after this,

Ouimette slapped Duxbury in the face and appellant kicked Duxbury

in the leg; and (5) most importantly, just before Duxbury was

escorted out of the room, appellant raised his hand, and pointing

at  Duxbury,  said,  "Do  not forget the five thousand dollars tomorrow

night."

 Appellant  asserted flaws and inconsistencies in the testimony

of the various witnesses, but this comes down to a question as to

which  witness  the  jury  believed. There is nothing to set this case

apart from the general deference due a jury's verdict. Not only

was there Duxbury's unshaken testimony, but the jury also had

before it nonverbal evidence of appellant's kicks following

Ouimette's announcement of the penalty.

 -2-

 The second issue is whether the district court abused its

discretion by refusing the defense a continuance to obtain the

testimony  of  a  polygraph  examiner whose testing allegedly supported

appellant's assertion that he had not reminded Duxbury about the

$5,000. The colloquy below and the briefs on appeal discuss many

facets of polygraph test admissibility, but we need rely on only

one ground particular to this case.

 A prior counsel for appellant, before his removal to avoid a

conflict based on representation of a co-defendant, had obtained

the test from his expert. The attorney had proposed to the

government that it secure an impartial examiner to administer

another test, "provided that you agree that the results of the

polygraph  examination will be admitted at the trial of this matter

on the issue of Mr. Raposa's credibility, should he choose to

testify at trial." (Emphasis added.) As it happened, appellant

decided not to testify and the precondition to admission of the

results of the examination therefore did not materialize.

 Under  these  circumstances, we cannot fault the district court

for  refusing  a mid-trial continuance for the defense to locate the

expert  so  that  he  could  attempt to justify admission of his report.

Indeed,  we  read  appellant's brief on appeal as implicitly conceding

this with the following language: "In the present case, the

polygraph evidence would directly corroborate the defendant's

testimony, if he chose to testify, regarding specific fact [sic]

alleged by the government and denied by the defendant which the

jury  must  determine . . . ." It is also worthy of note that this

 -3-

language  is  identical to that used in a "Motion to Admit Polygraph

Evidence"  filed  in  the  district court by appellant's trial counsel.

 The third issue concerns the court's refusal to strike the

testimony of a dancer who stated that appellant had asked her

"something like, are you a cop or something." She was not sure

that this was said on the day after the basic incident and

appellant's  counsel moved to strike on the ground that the witness

did not remember on which day the statement was made. The court

allowed  the  testimony to stand, saying that its weight was for the

jury.

 We  cannot  say  that  this  was an abuse of discretion. There was

no objection that this was impermissible character evidence, nor

did this undercut appellant's defense that he did not participate

in an extortionate activity (as opposed to some type of criminal

activity, such as an assault).

 Affirmed.

 -4-